IN THE OREGON TAX COURT
REGULAR DIVISION
Income Tax

| | |
|---|---|
| VERA V. PECHENYUK and VITALY N. PECHENYUK, | ) ) ) |
| Plaintiffs, | ) **TC 5485** |
| v. | ) ) |
| DEPARTMENT OF REVENUE, State of Oregon, | ) ) |
| | ) **NOTICE OF LACK OF AFFIDAVIT** |
| Defendant. | ) **ALLEGING UNDUE HARDSHIP** |

This matter comes before the court on Plaintiffs' Complaint filed on or about July 18, 2025, and Defendant's Motion to Dismiss, filed August 15, 2025. Defendant submitted evidence that Plaintiffs failed to pay, by the deadline for filing their complaint, all income taxes, penalties, and interest assessed for the tax year at issue (2019), as required by Oregon Revised Statute (ORS) 305.419(1). (*See* Def's Decl of Erickson at 1-2.) In addition, as shown in the court's records, Plaintiffs have not filed with the court a motion for stay of payment, along with a notarized affidavit, alleging that paying those amounts now would be an undue hardship. *See* ORS 305.419(3) and Tax Court Rule 18 C (3)(a). Plaintiffs, who are not represented by counsel, have not filed a response to Defendant's Motion to Dismiss.

**NOTICE TO PLAINTIFFS**

The governing statute authorizes the court to give notice to a plaintiff taxpayer that the plaintiff taxpayer has failed to file an affidavit alleging undue hardship:

"Where payment of the tax, penalty and interest would be an undue hardship, plaintiff may file an affidavit alleging undue hardship within the time described in subsection (1) of this section. *A plaintiff's failure to file an affidavit alleging hardship is not grounds for dismissal of the complaint, provided the plaintiff files the affidavit within 30 days after receiving notice of lack of an affidavit alleging undue hardship from the court.* If the tax court finds undue hardship, the tax court judge may stay all or any part of the payment of tax, penalty and interest required under subsection (1) of this section. If the tax court judge finds no undue hardship, the tax court judge may grant the plaintiff up to 30 days from the date of determination to pay the tax, penalty and interest. Failure by the plaintiff to pay the tax, penalty and interest or to establish undue hardship will be cause for dismissing the complaint."

ORS 305.419(3) (emphasis added). This notice initiates the process of resolving whether any undue hardship supports a stay of payment of the amounts assessed. Now, therefore,

The court hereby NOTIFIES Plaintiffs as follows:

1.  The court has received no affidavit alleging that payment of the amounts assessed would constitute an undue hardship.

2.  If Plaintiffs believe that payment of the amounts assessed would constitute an undue hardship, Plaintiffs may file with the court a motion for stay of payment of the tax, along with a completed and notarized affidavit explaining their financial situation. Plaintiffs may use the forms available on the court's website under the link entitled "Regular Division Motion for Stay of Payment of Income Tax." A copy of any such motion and affidavit must be served on Defendant, and proof of service must be filed with the court, using the form entitled "Regular Division Certificate of Service."

3.  If the court does not receive a motion for stay of payment, affidavit, and proof of service on or before October 3, 2025, the court will decide Defendant's Motion to Dismiss based on the record before the court.

4.  If the court receives a motion for stay of payment, affidavit, and proof of service on or before October 3, 2025, then pursuant to TCR 18 C(3)(b) Defendant will have 30 days to file any objections contesting whether an undue hardship exists. The court will hold Defendant's Motion to Dismiss in abeyance until the court determines whether payment of the tax, penalty, and interest would be an undue hardship.

Dated this 3rd day of September, 2025.

9/3/2025 12:34:00 PM

_____

**Judge Robert T. Manicke**